I concur in the majority's analysis and disposition of appellant's first and third assignments of error. However, I respectfully dissent from the majority's disposition of appellant's second assignment of error.
The decision as to when prejudgment interest commences, once awarded, is within the discretion of the trial court.[1] To find an abuse of discretion, this Court must conclude the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.[2] "In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."[3]
The seminal case regarding prejudgment interest in an underinsured motorist context is Landis v. Grange Mutual Ins. Co.[4] I note the Ohio Supreme Court's decision in Landis is a plurality opinion.
In Landis, the plaintiff, while walking along a street, was struck by an underinsured motorist. The tortfeasor's insurer paid the policy limits of $100,000 to Landis.[5] At the time of the accident, Landis was an employee of Foster Chevrolet, Inc. Landis claimed he was a designated insured entitled to underinsured motorist coverage in the amount of $1,000,000 pursuant to an insurance policy issued by Grange to Foster Chevrolet, Inc. Landis presented a demand for benefits to Grange.[6] Grange denied the claim, asserting Landis was not a designated insured.[7] Subsequently, on August 17, 1988, Landis filed a complaint for declaratory judgment, seeking a declaration he was entitled to underinsured motorist benefits under the Grange policy. Almost five years later, the trial court found the Grange policy provided underinsured motorist coverage to Landis. That ruling was affirmed on appeal.
The issue of damages was submitted to arbitration, which resulted in an award to Landis in the amount of $1,300,000. The arbitration award was reduced to judgment on December 8, 1995, whereupon Grange immediately paid its policy limits to Landis.[8] On that same day, Landis filed a motion for prejudgment interest, but did not assert Grange's denial of benefits constituted bad faith.[9] The trial court found an underinsured motorist claim is based in tort; therefore, Landis had no claim for prejudgment interest under R.C. 1343.03(A) or (C). Accordingly, the trial court denied Landis' motion for prejudgment interest.
The Court of Appeals reversed the trial court's denial of prejudgment interest, holding the accumulation of interest pursuant to R.C. 1343.03(A) begins on the date the claim became due and payable, and remanded the matter to the trial court to determine the amount of prejudgment interest to be awarded. The Ohio Supreme Court accepted a discretionary appeal and cross appeal of the appellate court's decision.
Justice Pfeiffer, writing for the plurality, in which Chief Justice Moyer concurred, concluded Landis' UIM claim was contractual and affirmed the judgment of the appellate court as to the availability of prejudgment interest under R.C. 1343.03(A).[10] In reaching this conclusion, Justice Pfeiffer explained the fact an insurer denied benefits in good faith is irrelevant because R.C. 1343.03(A) does not require a showing of a lack of a good faith effort to settle in order to award prejudgment interest, unlike R.C. 1343.03(C), which does require such a showing.[11]
Justice Pfeiffer opined subjecting the insurer to a prejudgment interest award will not discourage litigation of reasonable issues because an award of prejudgment interest is not a punishment, but rather a way to prevent the insurer from using money then due and payable to another for the insurer's own financial gain.[12]
Although not necessary to the resolution of the precise issue before the Court, Justice Pfeiffer addressed Grange's argument concerning when prejudgement interest, if properly awarded, should commence. Grange argued the money was not due and payable to Landis until the arbitration award was reduced to judgment. Justice Pfeiffer specifically rejected this argument, holding, "that the amount remained undetermined until Arbitration does not bar recovery of prejudgment interest."[13]
Justice Pfeiffer explained if Grange had not denied benefits, the issue of damages would have gone directly to the arbitrator and benefits would have become due and payable no later than upon entry of the arbitrator's award. Because Grange did deny benefits, Justice Pfeiffer opined it "scarcely seem[ed] equitable that the denial of benefits contractually owed to another * * * should redound to Grange's benefit."[14] Justice Pfeiffer found a determination that the benefits became due and payable upon entry of the arbitrator's award would, in that case, work an injustice by rewarding Grange for improperly denying benefits. Justice Pfeiffer then repeats his earlier theme, prejudgment interest is allowed not only to account for the loss sustained by the creditor by being deprived of the use of his money, but also to account for the gain made from its use by the debtor.[15]
Justice Pfeiffer proceeds with the sentence which has become the focus of appellant's second assignment of error herein as well as numerous other cases which have come before this Court and courts of appeals throughout the State:
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date from which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine.[16]
The issue before this Court is whether the trial court abused its discretion by choosing the date of the accident as the date from which prejudgment interest is to commence.
Before proceeding further, it is important to note the positions of the other five Justices in Landis relative to this issue. Justice Douglas, with whom Justice Sweeney concurred, wrote a separate opinion in which he concurred with the majority [Justice Pfeiffer, Chief Justice Moyer and Justice Sweeney] in affirming the court of appeals on the availability of prejudgment interest under R.C. 1343.03(A).
Justice Cook, concurring in part and dissenting in part, expressed her reasons for concluding the determination to award prejudgment interest in an uninsured/underinsured motorist case should be analyzed under R.C.1343.03(C), not R.C. 1343.03(A). Justice Cook did not comment on the list of alternative dates set forth in Justice Pfeiffer's opinion from which prejudgment interest, if allowed, should commence. Justice Reece, sitting by assignment, and Justice Stratton joined in Justice Cook's opinion.
As such, we are left with two justices directly adopting Justice Pfeiffer's list of alternative dates for commencement of prejudgment interest, two justices indirectly, by inference, adopting the list of alternative dates, and three justices (including one sitting by assignment) who have not directly commented on the list of alternative dates.
Based upon the plurality opinion in Landis, I conclude, while the lack of good faith in denying benefits and/or the lack of a good faith effort to settle is irrelevant to whether prejudgment interest should be awarded under R.C. 1343.03(A), lack of good faith is relevant when selecting the date from which prejudgment interest, if allowed, should commence. It is on this issue which my disagreement with the majority's analysis centers.
The majority finds "the [Ohio Supreme] Court does set forth several factors a trial court should not consider in determining the date of prejudgment interest. Specifically, a trial court should not consider whether the benefits were denied in good faith."[17] While I agree the determination of whether the denial of benefits was made in good faith is irrelevant to the determination of whether to award prejudgment interest under R.C. 1343.03(A), Landis does consider whether the denial was made in good faith relevant to determining the date from which prejudgment interest is to commence.
The majority properly notes the Ohio Supreme Court in Landis found subjecting the insurer to an award of prejudgment interest under R.C.1343.03(A) is not a punishment for litigation of reasonable issues.[18]Landis does not hold, as the majority apparently concludes, the concept of punishment (lack of good faith) is not to be considered when determining the date to commence prejudgment interest.
Since the Ohio Supreme Court's decision in Landis, this Court has, on at least two previous occasions, reviewed the appropriate commencement date for the award of prejudgment interest in an underinsured motorist case, and has reached different results.
In Nichols v. Milwaukee Ins. Co.,[19] this Court found the trial court abused its discretion when it selected the date of the accident for commencement of prejudgment interest when it did so without explanation. This Court, finding the proper date of commencement for prejudgment interest should be the date of first notice or demand for payment by the insured to the insurer, remanded the case for the trial court to determine that date.
This Court revisited the issue in Norton v. Allstate Ins. Co.[20] InNorton, this Court unanimously held the trial court did not abuse its discretion when it selected the date of accident as the trigger date for calculating prejudgment interest. The determination was based upon language found within the insurance policy.
In addition to the date of accident, the date coverage was demanded or denied, and the date at which arbitration would have ended if Grange had not denied benefits, Landis also recognized other possible dates, including when the insurer should have paid the insured, may be appropriate for commencement of an award of prejudgment interest. Under the factual scenario presented in the case sub judice, "some other time" arguably could be the date Scott-Pontzer v. Liberty Mut. Fire Ins.Co.[21] was decided by the Ohio Supreme Court.
Underinsured motorist coverage under a general commercial liability policy was found to extend to employees of the insured business for the first time in Scott-Pontzer. Inherent to the Scott-Pontzer decision is that UIM coverage begins at the time the insurance contract is entered, even though coverage had not yet been judicially determined to exist. Similarly, appellee's entitlement to coverage herein came into existence when appellants' issued their policies to Leiden, decedent's stepson's employer, even though Scott-Pontzer had yet to be decided. The factScott-Pontzer had yet to become law prior to the date of decedent's accident does not mean appellants herein were not contractually liable to appellee on the date of the accident.
In its judgment entry granting prejudgment interest commencing on the date of the accident, the trial court noted appellants' first offer of settlement was made approximately five days before the arbitration hearing, and over one year after appellants were provided with information concerning appellee's claim.[22]'[23] While not relevant to whether prejudgment interest is to be awarded under R.C. 1343.03(A), such circumstance is relevant in selecting the date on which prejudgment interest shall commence.
Regardless of whether this Court agrees with appellants that the date of notice or demand for commencement for prejudgement interest would be more reasonable under the circumstances herein, such does not serve to render the trial court's choice of the date of the accident necessarily unreasonable.[24] I do not find the trial court's selection of the date of the accident for the commencement of prejudgment interest evidences the exercise of perversity of will or defiance of judgment, nor does it evidence the exercise of passion or bias, particularly when it is one of the alternative dates listed in Landis.
I would overrule appellant's second assignment of error.
[1] Nichols v. Milwaukee Ins. Co. (Aug. 21, 2000), Stark App. No. 2000CA00066, unreported, at 2.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
[3] Huffmen v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
[4] Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339.
[5] The decision does not identify the date payment was made.
[6] The decision does not identify the date the demand was made.
[7] The decision does not identify the date Grange denied coverage.
[8] The decision does not identify the date of payment.
[9] Landis also moved for reimbursement of attorney fees. A resolution of that issue is not pertinent to this appeal.
[10] Landis, supra at 339, 341.
[11] Id.
[12] Id.
[13] Id, citing Royal Elec. Constr. v. Ohio State Univ. (1995),73 Ohio St.3d 110.
[14] Id.
[15] Id., citing Hogg v. Zanesville Canal Mfg. Co. (1982), 5 Ohio 410,424.
[16] Id.
[17] Majority Opinion at 10.
[18] Majority Opinion at 10.
[19] Nichols v. Milwaukee Ins. Co. (Aug. 21, 2000), Stark App. No. 2000CA00066, unreported. Nichols was a two to one decision in which this writer dissented.
[20] Norton v. Allstate Ins. Co. (March 26, 2001), Stark App. No. 2000CA00348, unreported.
[21] Supra at footnote 1.
[22] July 7, 2001 Judgment Entry at 5. In this regard, this case is distinguishable from Nichols.
[23] The majority concludes the trial court's proffered reason in support of its decision to commence prejudgment interest from the date of the accident is ". . . improper, under the Landis case, as prejudgment interest may not be awarded as punishment." (Majority Opinion at 14). As noted supra, I find such interpretation of Landis misplaced. If the majority finds the trial court's proffered reason is legally insufficient under Landis, it would appear its decision to remand this case is unnecessary and the majority should proceed to either enter the date from which prejudgment interest shall commence or direct the trial court to select the appropriate date as this Court did in Nichols, the case the majority cites in its opinion with approval.
[24] While I generally share the majority's concern for consistency in decisions concerning prejudgment interest (Majority Opinion at 11-12), I believe establishing a "standard" to be applied in these cases is inapposite with vesting a trial court with discretion to select the appropriate commencement date after consideration of the totality of the circumstances presented by each unique case.